United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. STINSON, | No. C 07-0282 MMC (PR) |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| v. | |
| BOARD OF PRISON TERMS, et al., | |
| Respondents. | |

On January 17, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 2006, in the Superior Court of Alameda County, petitioner's parole was revoked, and he was sentenced to a term of one year in state prison. Petitions for a writ of habeas corpus filed in the Superior Court of Alameda County, the California Court of Appeal, and the California Supreme Court were denied.

**DISCUSSION**

A. <u>Initial Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner presents the following 29 claims for relief:

(1) In Claims 1, 2, 15 and 16, petitioner alleges he received ineffective assistance of counsel in connection with the parole revocation hearing.

(2) In Claims 3, 7, 8 through 10, and 18 through 20, petitioner alleges he was unable to present a defense because his attempts to postpone the hearing, to subpoena and present evidence, and to present witnesses were denied.

(3) In Claims 4 through 6, petitioner alleges he was deprived of time credits against his sentence, and required to serve the maximum term, in violation of his right to equal protection. .

(4) In Claims 11, 12, and 17, petitioner alleges he was denied the right to confront and cross-examine adverse witnesses at the parole revocation hearing.

(5) In Claim 13, petitioner alleges prison officials violated his constitutional rights by violating its own rules and regulations at the parole revocation hearing.

(6) In Claim 14, petitioner alleges the sentence imposed was excessive, and amounted to cruel and unusual punishment.

(7) In Claims 21 and 22, petitioner alleges that parole agents engaged in misconduct and unethical behavior in connection with the hearing.

(8) In Claims 25 through 29,  petitioner alleges the arresting and investigating officer engaged in misconduct, including failing to file a report, conducted the investigation improperly, and gave false testimony, in violation of petitioner's constitutional rights. Liberally construed, the foregoing claims state a cognizable basis for federal habeas relief.

(9) In Claims 23 and 24, petitioner alleges he has been denied proper medical care despite his administrative appeals.

2

Such claims are not properly brought in a habeas action because they allege improper conditions of confinement and do not challenge the validity of petitioner's conviction or sentence.  The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Accordingly, these two claims will be dismissed without prejudice to their being raised in a civil rights complaint.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.    Claims 23 and 24 are DISMISSED without prejudice to petitioner's raising them in a civil rights complaint filed in a separate action.

2.    The Clerk of the Court shall serve by certified mail a copy of this order, the petition, and all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3.    Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

4.    In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee

3

Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

     5.    Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

     6.    It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     7.    Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: June 22, 2007

_____
MAXINE M. CHESNEY
United States District Judge

4