IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. STINSON, ) | No. C 07-0282 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DISMISSING PETITION** |
| ) | **FOR A WRIT OF HABEAS** |
| v. ) | **CORPUS AS MOOT; DENYING** |
| ) | **PETITIONER'S PENDING** |
| BOARD OF PRISON TERMS, et ) | **MOTIONS** |
| al., ) | |
| ) | |
| Respondents. ) | **(Docket Nos. 11, 13 & 17)** |
| _____ ) | |

On January 17, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 parole revocation hearing. On June 22, 2007, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's cognizable claims for relief. On September 20, 2007, respondent filed an answer accompanied by a memorandum and exhibits; on October 24, 2007, petitioner filed a traverse.

**BACKGROUND**

On October 9, 2001, petitioner was convicted in Alameda County Superior Court of possession of a blank check; he was sentenced to three years in state prison. On September 1, 2005, petitioner was released on parole; on January 11, 2006, he was arrested for domestic battery, violation of a court order, and brandishing a weapon. On February 16, 2006, a

parole revocation hearing was held; petitioner's parole was revoked and he was ordered returned to prison for a twelve-month term. While incarcerated, petitioner filed several state habeas petitions, all of which were denied. On January 17, 2007, petitioner filed the instant petition. At some point thereafter his parole revocation term ended and he was released from prison. Petitioner is not currently incarcerated.

In its order to show cause, the Court found the petition raised twenty-seven cognizable claims challenging the constitutional validity of petitioner's parole revocation hearing.

## DISCUSSION

In the answer to the petition, respondent argues (1) the petition is moot; (2) the petition is unexhausted; and (3) petitioner is not entitled to relief on the merits of his claims. For the reasons discussed below, the Court finds the petition is moot; accordingly, the Court will dismiss the petition without reaching the matter of exhaustion or the merits of petitioner's claims.

A.  Mootness

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Id. Once the convict's sentence or parole term expires, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained and not considered moot. Id.

Courts may presume that a criminal conviction has continuing collateral consequences. See id. at 8-12. This presumption does not extend to parole revocations,

however. See id. at 12-13. Rather, if the term imposed for violating parole has been served, a petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). The potential for detriment in a future parole or sentencing proceeding, impeachment in future court proceedings, or use against the petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to constitute collateral consequences. See Spencer, 523 U.S. at 14-16.

Here, respondent argues the instant petition should be dismissed as moot because petitioner has fully served the parole revocation term imposed at the challenged 2006 parole revocation hearing. In his traverse, petitioner addresses respondent's alternative arguments that the claims raised in the petition are unexhausted and must be denied on the merits; he does not, however, respond to respondent's argument with respect to mootness. It is clear from the record in this matter that petitioner has fully served the parole revocation term challenged by the instant petition; accordingly, because petitioner has not identified, let alone demonstrated, continuing collateral consequences resulting from the parole revocation, the petition will be dismissed as moot.

B.  Petitioner's Pending Motions

Petitioner has filed three motions: a "Motion to Execute Judgment on the Undisputed Facts," a "Motion for Summary Judgment," and a "Motion to Execute a Direct Verdict on the Undisputed Facts." In each of these motions, petitioner asks the Court to find that he is entitled to judgment as a matter of law based on his factual allegations with respect to the challenged parole revocation hearing. Because the Court has found the petition is moot, the merits of petitioner's claims will not be decided. Accordingly, the motions will be denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DISMISSED as moot.

2. Petitioner's pending motions are hereby DENIED as moot.

3

1 This order terminates Docket Nos. 11, 13 and 17.

2 The Clerk shall close the file.

3 IT IS SO ORDERED.

4 DATED: February 4, 2008

5 _____
MAXINE M. CHESNEY
United States District Judge